IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No: 1:06-cv-01235-WDM-BNB

HART'S ROCKY MOUNTAIN RETREAT, INC.,
a Colorado corporation,

    Plaintiff,

v.

KENNETH GAYHART and
ANGELIC GAYHART,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR CIVIL CONTEMPT

Miller, J.

This matter is before me on Plaintiff's motion for an order of civil contempt, filed February 28, 2007. Specifically, Plaintiff asks that I find Defendants in contempt of a preliminary injunction order that I issued on November 8, 2006. Having reviewed the pertinent portions of the record in this case, I find, for the reasons discussed below, that an evidentiary hearing is not required, and that Plaintiff's motion should be granted in part.

### Background

This is a trademark infringement case involving two cabin rental businesses in Pagosa Springs, Colorado. Following a preliminary injunction hearing held on October 11, 2006, I issued an order enjoining Defendants "from using the heart symbol and the name "Hart" as a separate word in their cabin rental business." (Preliminary Injunction Order, November 8, 2005, Docket No. 45, at 7-8.)

In its motion for contempt, although Plaintiff does not deny that Defendants have taken significant actions to comply with my order, Plaintiff claims that Defendants are in contempt in two ways: (1) they refuse to take down or materially alter a sign located at the entrance to their property which contains a heart symbol and reads "Hart Land Ranch," and (2) they refuse to materially alter a substantially similar design that is painted on their snowmobile trailer. Therefore, Plaintiff seeks an order that requires Defendants to remove or materially change their entrance sign and trailer and, after a 15-day grace period, imposes a fine of $100.00 per day until the changes are complete. In addition, Plaintiff seeks an award of the attorney's fees and costs associated with this motion. In response, Defendants do not deny Plaintiff's factual claims, but rather argue that they are not in contempt because neither the sign nor the trailer are being used "in their cabin rental business."

## Discussion

1. <u>Necessity of a Hearing</u>

The first issue I must address is whether it is appropriate to rule on this motion in the absence of an evidentiary hearing. Although such a hearing is normally required, *Peterson v. Highland Music*, 140 F.3d 1313, 1324 (9th Cir. 1998), I conclude that a hearing in not necessary in this case. Notably, both parties have submitted evidence along with their briefs on this matter, and neither party has requested a hearing. But more importantly, since there is no dispute about any of the material facts, an evidentiary hearing is not necessary. *See Wyoming v. Livingston*, 443 F.3d 1211, 1224 (10th Cir. 2006) ("There is no need for a court to hold an evidentiary hearing in a matter when there are no material facts in dispute."); *United States v. Ayres*, 166 F.3d 991,

995 (9th Cir. 1999) (holding that an evidentiary hearing is not required prior to a civil contempt finding where there were no genuine issues of material fact, the accused parties had ample notice and opportunity to respond, and the parties did not request a hearing).

2.   Civil Contempt

As for the merits, Defendants first argue that I should not find them in violation of my prior order because they have acted in good faith and complied with a reasonable interpretation of my order.  *See Spectra Sonics Aviation, Inc. v. Ogden City*, 931 F.2d 63 (10th Cir. 1991) (unpublished opinion) ("A defendant may be absolved from a finding of civil contempt . . . if the defendant's action appears to be based upon a good faith and reasonable interpretation of the order").  I disagree, however, since I find that Defendants' interpretation of my prior order is not reasonable.  *See Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 147-149 (4th Cir. 1994) (holding that a party's unreasonable interpretation could not save him because "not all good faith interpretations [are] a defense to civil contempt.").  It is clear that an order must be interpreted "in the light of the issues and the purpose for which [it is issued]."  *Denver-Greeley Valley Water Users Ass'n v. McNeil*, 131 F.2d 67, 69 (10th Cir. 1942).  In this case, during the preliminary injunction proceedings, Plaintiff placed great emphasis on Defendants' roadside sign and snowmobile trailer as prime examples of how Defendants were infringing upon their trademark.  In light of this history, it is simply beyond reasonable dispute that the sign at issue in this case — which is located at the entrance to the property where Defendants' rental cabins are located — is being used "in their cabin rental business."  Therefore, I find Defendants' continued display of this

sign to be in violation of my prior order.

Similarly, it is clear that if Defendants were to expose the design on their snowmobile trailer to the public, the trailer would become a veritable advertisement for their business. However, Plaintiff has not claimed that the trailer has been displayed to the public, and Defendant asserts that it is stored out of the public view. Therefore, I find that Plaintiff has failed to establish a violation of my order regarding the trailer.

Second, Defendants argue that even if they are not in total compliance with my order, they should not be held in contempt because they have taken all reasonable steps to ensure compliance and have substantially complied with the order. *See Bauchman ex rel. Bauchman v. W. High Sch.*, 906 F. Supp. 1483, 1494 & n.7 (D. Utah 1995); *Palmigiano v. Garrahy*, 448 F. Supp. 659, 670 (D.R.I. 1978). I disagree. This is not a case involving a complex injunction, nor was Defendants' failure to comply caused by mere inadvertence. Rather, it is clear that Defendants made a conscious decision, based upon an unreasonable interpretation of my order, to leave the sign substantially unaltered. In such a situation, it cannot be said that they have taken all reasonable steps to ensure compliance.

Third, Defendants also argue that they cannot be held in civil contempt because Plaintiff cannot prove actual damages. To support of this argument, Defendants cite *Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745 (10th Cir. 2004). Defendants do not dispute that the *Kuykendall* court listed only three elements of civil contempt: "[1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3]

that the defendant[s] disobeyed the order."[1]  *Id.* at 756-57 (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)) (alterations in original). Nevertheless, Defendants argue that later in the *Kuykendall* opinion, the court implicitly added a fourth element: damages.  *See Kuykendall*, 371 F.3d at 763.  I disagree.  The discussion of damages in *Kuykendall* merely stands for the simple proposition that *if* a court awards compensatory sanctions, such an award must be supported by evidence of actual damages.  *Id.*  However, *Kuykendall* does not in any way indicate that actual damages are a prerequisite to all civil contempt findings.  *See also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (indicating that civil contempt may involve purely coercive fines).[2]

In sum, I find that Plaintiff has met its burden of proving by clear and convincing evidence, *Kuykendall*, 371 F.3d at 756-57, that Defendants' refusal to take down or materially alter the sign located at the entrance to their property places them in contempt of my prior order.

3.  <u>Attorney's Fees & Costs</u>

Plaintiff also requests the reasonable attorney's fees and costs involved in making this motion, and Defendants' only response is that they are not in contempt. Having already rejected Defendants' arguments, I find that an award of reasonable

---

[1] Notably, Defendants have never disputed the validity of my prior order or that they had knowledge of it.

[2] In addition, although Defendants do not specifically argue to the contrary, it is worth noting that the fines sought by Plaintiff ($100.00 per day after 15 days) would be coercive, rather than compensatory because they could be totally avoided through timely compliance.  *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1025, 1029-30 (10th Cir. 1998).  Thus, the amount of such a fine need not be tied to specific evidence of damages.  *Glover v. Johnson*, 199 F.3d 310, 313 (6th Cir. 1999).

5

attorney's fees and costs is clearly appropriate. *John Zink Co. v. Zink*, 241 F.3d 1256, 1261-62 (10th Cir. 2001). However, since Plaintiff has failed to comply with Rule 7 of my Pretrial and Trial Procedures (requiring an affidavit from an independent attorney regarding the reasonableness of the requested fees), I will deny their request for attorney's fees without prejudice.

Accordingly, it is ordered:

1. The hearing on this matter, currently scheduled for October 3, 2007, is vacated.

2. Plaintiff's motion for an order of civil contempt, filed February 28, 2007 (Docket No. 54), is granted in part and denied in part.

3. Defendants shall either remove their entrance sign or alter it so that it no longer contains the combination of a heart symbol and the name "Hart" as a separate word.

4. If Defendants have not complied with this order by September 21, 2007, they shall pay Plaintiff $100.00 on that day and for each day thereafter that they are not in compliance with my orders.

5. Plaintiff shall have its costs associated with making this motion.

DATED at Denver, Colorado, on August 29, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge